# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

# BECKLEY DIVISION

JOSHUA RONALD SUMPTER,

                Plaintiff,

v.                                                   CIVIL ACTION NO. 5:16-cv-08951

UNITED STATES,

                Defendant.

## MEMORANDUM OPINION AND ORDER

The Plaintiff, Joshua Ronald Sumpter, filed a *pro-se Complaint* (Document 2), pursuant to the Federal Tort Claims Act (FTCA), asserting medical negligence claims against the Department of Veterans Affairs (VA). By *Standing Order* (Document 3) entered on September 16, 2016, this matter was referred to the Honorable Omar J. Aboulhosn, United States Magistrate Judge, for findings of fact and recommendation for disposition. Following a previous *Memorandum Opinion and Order* (Document 35) resolving a motion to dismiss, the matter was again referred to Magistrate Judge Aboulhosn on July 16, 2018 (Document 39).

The United States filed *Defendant United States of America's Motion to Dismiss for Lack of Subject Matter Jurisdiction and/or Motion for Summary Judgment Against Plaintiff's Claims Relating to George Murphy, M.D.* (Document 58), the *Memorandum in Support of Defendant United States of America's Motion to Dismiss for Lack of Subject Matter Jurisdiction and/or Motion for Summary Judgment Against Plaintiff's Claims Relating to George Murphy, M.D.* (Document 59), the *Defendant United States of America's Motion for Summary Judgment*

(Document 60), and the *Memorandum in Support of Defendant United States of America's Motion for Summary Judgment* (Document 61). Mr. Sumpter filed the *Plaintiff's Motion for Summary Judgment* (Document 65), together with responses to the United States' motions. The United States moved to strike Mr. Sumpter's motion as untimely, and Mr. Sumpter moved to strike the Defendant's submissions as misleading and/or fraudulent.

Judge Aboulhosn submitted a *Proposed Findings and Recommendation* (Document 87) on July 2, 2019. Therein, he recommends that the United States' motion to dismiss for lack of subject matter jurisdiction as to Dr. Murphy be granted, that its motion for summary judgment be denied, that the Plaintiff's motion for summary judgment be denied, and that the parties' respective motions to strike be denied.

Objections to the PF&R were due by July 19, 2019. The *Objection of the United States of America to Report and Recommendation of the United States Magistrate Court Judge that Its Motion for Summary Judgment be Denied* (Document 88) was timely filed. On August 1, 2019, Mr. Sumpter filed the *Plaintiff's Response to Objection of the United States of America to Report and Recommendation of the United States Magistrate Court Judge That Its Motion for Summary Judgment be Denied* (Document 89), the *Objection of the Plaintiff to the Proposed Finding and Recommendation of the United States Magistrate Court Judge Granting the United States of America's Motion to Dismiss for Lack of Subject Matter Jurisdiction and/or for Summary Judgment Against Plaintiff's Claims Relating to George Murphy, M.D. and Denial of Plaintiff's Motion to Strike All of Defendant's Submissions to the Court Pertaining to Its Interpretation of the FTCA and the Defining Terms Within Based on Common Law Fraud* (Document 90), and the *Memorandum of Law to Objection of the Plaintiff to the Proposed Findings and Recommendation*

2

*of the United States Magistrate Court Judge Granting the United States of America's Motion to Dismiss for Lack of Subject Matter Jurisdiction and/or for Summary Judgment Against Plaintiff's Claims Relating to George Murphy, M.D. and Denial of Plaintiff's Motion to Strike All of Defendant's Submissions to the Court Pertaining to Its Interpretation of the FTCA and the Defining Terms Within Based on Common Law Fraud* (Document 91).

In addition, Mr. Sumpter filed expert disclosures (Documents 92 & 93),[1] *Plaintiff's Motion for Summary Judgment Based on Evidence That Unqualifiedly Brings a Conclusion to the Legal Controversy That Defendant Deviated from Its Standard of Care for Multiple Sclerosis and Caused Plaintiff Personal Injury* (Document 94), a *Memorandum of Law to Plaintiff's Motion for Summary Judgment Based on Evidence That Unqualifiedly Brings a Conclusion to the Legal Controversy That Defendant Deviated from Its Standard of Care for Multiple Sclerosis and Caused Plaintiff Personal Injury* (Document 95), and additional documents related to the VA and Multiple Sclerosis (MS) (Document 96).

The Court has further reviewed the *Defendant's Motion to Strike Plaintiff's Objection (ECF No. 90) to the Findings and Recommendation of the United States Magistrate Judge (EC No. 87)* (Document 99), the *Memorandum in Support of Defendant's Motion to Strike Plaintiff's Objection (ECF No. 90) to the Findings and Recommendation of the United States Magistrate Judge (ECF No. 87)* (Document 100), the *Defendant's Motion to Strike Plaintiff's Motion for Summary Judgment (ECF No. 94) for Failure to Comply with the Court's Scheduling Order, the Federal Rules of Civil Procedure, and the Local Rules of This Court* (Document 101), and the *Memorandum in Support of Defendant's Motion to Strike Plaintiff's Motion for Summary*

---

[1] The United States filed motions to strike the expert disclosures, which the Court has not addressed herein.

*Judgment (ECF No. 94) for Failure to Comply with the Court's Scheduling Order, the Federal Rules of Civil Procedure, and the Local Rules of This Court* (Document 102).

**MOTIONS TO STRIKE**

The Magistrate Judge recommended consideration of the Plaintiff's belated motion for summary judgment, finding that the content overlapped with the Plaintiff's response to the Defendant's motion, and consideration would not prejudice the Defendant. The Court will adopt the PF&R's findings with regard to the Plaintiff's first motion for summary judgment (Document 65). The Court further adopts the PF&R's findings and recommendation as to the denial of the Plaintiff's motion to strike the Defendant's filings and arguments, finding no grounds to support the motion to strike.

Although the Plaintiff's objections to the PF&R were filed late, without leave of the Court, the Court finds that consideration of those objections will not prejudice the United States and will not cause any delay. Therefore, the motion to strike the Plaintiff's objection will be denied. However, the Plaintiff's additional motion for summary judgment, filed well after any applicable deadline, after the briefing of previous dispositive motions, and after the issuance of the PF&R, will be stricken as untimely.

**FACTS**

Neither party objects to the summation of the facts contained in the PF&R, although the United States objects to the consideration of some of the evidence, and both parties object to the legal conclusions based on those facts. Therefore, the Court will adopt the Magistrate Judge's proposed factual findings and include only a brief summary herein.

The Plaintiff, Joshua Sumpter, left military service as a result of a July 2006 diagnosis of MS. He sought treatment at the VA and was treated primarily at the Beckley Veteran's Administration Medical Center (BVAMC). He did not receive disease-modifying treatment for his MS until August 2011. He submitted statements, letters, and affidavits from Enrico Cappiello, M.D., Dr. Aaron Boster, and John Berryman, M.D.[2], concluding that past MRIs indicate that his condition progressed as a result of the failure to provide early treatment. He also incurred expenses as a result of travelling out of state to receive treatment outside the VA system.

## STANDARD OF REVIEW

*A. PF&R Objections*

This Court "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1)(C). However, the Court is not required to review, under a de novo or any other standard, the factual or legal conclusions of the magistrate judge as to those portions of the findings or recommendation to which no objections are addressed. *Thomas v. Arn*, 474 U.S. 140, 150 (1985). In addition, this Court need not conduct a de novo review when a party "makes general and conclusory objections that do not direct the Court to a specific error in the magistrate's proposed findings and recommendations." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982). When reviewing portions of the PF&R de novo, the Court will consider the fact that Petitioner is acting *pro se*, and his pleadings will be accorded liberal construction. *Estelle v. Gamble*, 429 U.S. 97, 106 (1976); *Loe v. Armistead*, 582 F.2d 1291, 1295 (4th Cir. 1978).

---

2 Dr. Berryman was the Chief of Staff at the BVAMC at the time Mr. Sumpter was receiving the allegedly deficient care.

*B. Summary Judgment*

The well-established standard in consideration of a motion for summary judgment is that "[t]he court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a)–(c); *see also Hunt v. Cromartie*, 526 U.S. 541, 549 (1999); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247 (1986); *Hoschar v. Appalachian Power Co.*, 739 F.3d 163, 169 (4th Cir. 2014). A "material fact" is a fact that could affect the outcome of the case. *Anderson*, 477 U.S. at 248; *News & Observer Publ'g Co. v. Raleigh-Durham Airport Auth.*, 597 F.3d 570, 576 (4th Cir. 2010). A "genuine issue" concerning a material fact exists when the evidence is sufficient to allow a reasonable jury to return a verdict in the nonmoving party's favor. *FDIC v. Cashion*, 720 F.3d 169, 180 (4th Cir. 2013); *News & Observer*, 597 F.3d at 576.

The moving party bears the burden of showing that there is no genuine issue of material fact, and that it is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a); *Celotex Corp.*, 477 U.S. at 322–23. When determining whether summary judgment is appropriate, a court must view all of the factual evidence, and any reasonable inferences to be drawn therefrom, in the light most favorable to the nonmoving party. *Hoschar*, 739 F.3d at 169. However, the non-moving party must offer some "concrete evidence from which a reasonable juror could return a verdict in his favor." *Anderson*, 477 U.S. at 256. "At the summary judgment stage, the non-moving party must come forward with more than 'mere speculation or the building of one inference upon another' to resist dismissal of the action." *Perry v. Kappos*, No.11-1476, 2012 WL 2130908, at

*3 (4th Cir. June 13, 2012) (unpublished decision) (quoting *Beale v. Hardy*, 769 F.2d 213, 214 (4th Cir. 1985)).

In considering a motion for summary judgment, the court will not "weigh the evidence and determine the truth of the matter," *Anderson*, 477 U.S. at 249, nor will it make determinations of credibility. *N. Am. Precast, Inc. v. Gen. Cas. Co. of Wis.*, 2008 WL 906334, *3 (S.D. W. Va. Mar. 31, 2008) (Copenhaver, J.) (citing *Sosebee v. Murphy,* 797 F.2d 179, 182 (4th Cir. 1986)). If disputes over a material fact exist that "can be resolved only by a finder of fact because they may reasonably be resolved in favor of either party," summary judgment is inappropriate. *Anderson*, 477 U.S. at 250. If, however, the nonmoving party "fails to make a showing sufficient to establish the existence of an element essential to that party's case," then summary judgment should be granted because "a complete failure of proof concerning an essential element . . . necessarily renders all other facts immaterial." *Celotex*, 477 U.S. at 322–23.

## DISCUSSION

### A. Subject Matter Jurisdiction as to Dr. Murphy

One of the treatment providers involved in Mr. Sumpter's care, Dr. George Murphy, provided radiology services to the BVAMC through a contract with Jackson & Coker LocumTenens. The Magistrate Judge recommends finding that Dr. Murphy was properly classified as an independent contractor, rather than an employee of the United States, and recommends dismissing any claim against the United States based on Dr. Murphy's alleged negligence. The legal standard for determining whether an individual is an employee of the United States or an independent contractor and case law finding similarly situated physicians to be independent contractors are outlined in the PF&R.

Mr. Sumpter objects, arguing that Dr. Murphy's role at the VA falls squarely within the definition of an employee of the government as contained in 28 U.S.C. § 2671, and the statutory definition overrides any contractual agreement that Dr. Murphy was an independent contractor. He further argues that the VA maintained control over Dr. Murphy, including by requiring that he follow the procedures and abide by the standard of care it established. He contends that the provision of law permitting the VA to provide care through outside physicians or facilities requires that such services be subject to the same terms as care provided directly by the VA, including the availability of relief through the FTCA.

The FTCA waives sovereign immunity for certain torts committed by employees of the United States but does not waive immunity as to the acts of independent contractors. *Logue v. United States*, 412 U.S. 521, 527-28 (1973); *Robb v. United States*, 80 F.3d 884, 887 (4th Cir. 1996) (noting that 28 U.S.C. § 2671 specifically excludes contractors from the definition of "federal agency" for purposes of the FTCA). Reviewing case law, the Fourth Circuit explained that "only where the Government has the power under the contract to supervise a contractor's 'day-to-day operations' and 'to control the detailed physical performance of the contractor' can it be said that the contractor is an employee or agent of the United States within the intendment of the Act." *Wood v. Standard Prod. Co.*, 671 F.2d 825, 829 (4th Cir. 1982) (citations omitted). The court further held that "the real test is control over the primary activity contracted for and not the peripheral, administrative acts relating to such activity." *Id*. at 832. The Fourth Circuit summarized the factors considered in *Wood*, which involved a physician who contracted to provide services for the United States Public Health Service, as follows:

> In addition to noting PHS's lack of control of the physician's medical judgment, the *Wood* court considered: (1) that the physician under

> the contract was referred to as a "contract physician," (2) that the physician was to provide "outpatient" care, (3) general statements concerning the manner and quality of service required under the contract, (4) the lack of control by the government over the prescription of drugs and medical supplies, (5) the authority of the physician to make referrals, (6) contractual requirements for office hours and the ability of the physician to decline to see patients, (7) the physician's responsibility to provide office space, support staff, supplies, and equipment, (8) the percentage of the physician's total practice which was devoted to activities under the contract, (9) the nature of the compensation to the physician, including method (fee schedule) and rates (similar to the physician's usual fees), (10) PHS recordkeeping requirements, (11) prescribed methods of verifying patient eligibility for treatment, and (12) the extent of PHS's review of the physician's offices.

*Robb*, 80 F.3d at 889 (citing *Wood*, 671 F.2d at 830 & n. 10).

The facts surrounding Dr. Murphy's relationship with the BVAMC are not in dispute. The contract between BVAMC and Jackson & Coker refers to Dr. Murphy as a contract physician and specifies that he "shall not be considered [a] VA employee[] for any purpose." (Document 58-1 at 14.) The contract specified that he would not be covered by the FTCA, and Dr. Murphy was therefore required to maintain professional liability insurance through Jackson & Coker. He was compensated based on hourly rates, with monthly invoices submitted by Jackson & Coker. The VA did not provide any paid leave. His physical work location was in the BVAMC, and he worked full-time and exclusively at the BVAMC during the time period in question. The contract detailed the job duties for the contract radiologist, including the services to be provided to patients, how to maintain records, and specified that 't]he services to be performed by the contractor will be under the direction of the Chief, Imaging Service or his/her designee." (Document 58-1 at 13.) The BVAMC controlled his office hours and supplied support staff, equipment, and training, including training as to BVAMC policies and procedures.

Other courts that have addressed similar arrangements have concluded that the physicians were independent contractors. The Western District of Virginia concluded that "the core aspects of an employer-employee relationship were absent" where a VA Medical Center did not control the physicians' medical judgment and "did not pay the doctors, withhold the doctors' taxes, or provide the doctors with employment benefits like medical malpractice insurance." *McGhee v. United States*, No. 7:13-CV-00123, 2014 WL 896748, at *3 (W.D. Va. Mar. 6, 2014). The Fifth Circuit similarly concluded that a contract cardiologist with the VA was not an employee, despite using VA office space, support staff, and supplies, based largely on the contractual language disavowing an employment relationship, the method of payment, and a contractual provision indemnifying the United States for any negligence on the part of the physician. *Peacock v. United States*, 597 F.3d 654, 660 (5th Cir. 2010). In an unpublished decision, the Eleventh Circuit found that a contract radiologist was an independent contractor, rather than an employee, despite the VA's provision of "equipment, facilities, and patients," because the terms of the contract specified an independent contractor relationship and the VA did not control the doctor's treatment of patients. *Dutton v. United States*, 621 F. App'x 962, 965–66 (11th Cir. 2015).

This Court likewise finds that the express language of the contract disavowing an employment relationship, the lack of direct payment to Dr. Murphy, the lack of control over Dr. Murphy's medical performance, and the requirement that employment benefits, including professional liability insurance, be provided for Dr. Murphy by Jackson & Coke, establish that Dr. Murphy was an independent contractor, despite the presence of some factors that can be indicative of an employment relationship. Therefore, the United States' motion to dismiss for lack of subject matter jurisdiction as to liability for any negligence by Dr. Murphy must be granted.

### B. *Summary Judgment as to Remaining Claims*

The Magistrate Judge recommends denying summary judgment as to the FTCA claims regarding the conduct of VA employees. The United States submitted expert opinions stating that Mr. Sumpter's treatment was not negligent, and even if the delay in treatment of his MS was outside the standard of care, it did not cause his condition to progress. The Magistrate Judge considered sworn statements from the Plaintiff's treating physician and the former Chief of Staff at the BVAMC, both opining that he received negligent care that adversely impacted his health and contributed to the progression of his MS.

The United States argued in the original briefing and argues in its objections that those sworn statements, originally submitted as pre-suit certificates of merit, are not admissible and should not be considered for purposes of summary judgment. It relies largely on West Virginia Code Section 55-7B-6(j), which provides that "a notice of claim, a health care provider's response to any notice of claim, a screening certificate of merit, and the results of any mediation conducted pursuant to the provisions of this section are confidential and are not admissible as evidence in any court proceeding unless the court, upon hearing, determines that failure to disclose the contents would cause a miscarriage of justice."

The Court finds, as recommended by the PF&R, that consideration of the physician affidavits submitted by the Plaintiff, is appropriate in this case. Versions of the physician statements were made part of the record before the Court stayed this matter to permit the Plaintiff to comply with the West Virginia Medical Professional Liability Act (MPLA) by obtaining and serving the certificates of merit. The Plaintiff submitted a letter from his treating physician, Dr. Aaron Boster, in conjunction with this administrative tort claim. A letter from Dr. John Berryman

11

was attached to his complaint. Both letters contain substantially the same opinions as those expressed in the screening certificates of merit. The interests of justice support consideration of the documents under the circumstances presented here, particularly given the Plaintiff's pro se status.[3] It is clear from the record as a whole that there are material factual disputes as to whether VAMC employees violated the applicable standard of care and whether such violations contributed to the progression of Mr. Sumpter's MS.

Finally, the United States argues that it is entitled to partial summary judgment as to the claims regarding Dr. William Tingler. Although the United States quoted its expert's assessment that Dr. Tingler's only involvement with Mr. Sumpter's care occurred in 2013, after he began receiving disease-modifying treatment, the United States did not specifically seek summary judgment as to claims involving Dr. Tingler in the original summary judgment briefing. Therefore, Mr. Sumpter did not have a fair opportunity to respond, and the Court will not now consider summary judgment on a ground not clearly raised until the filing of objections to the PF&R. Accordingly, the Court finds that the United States' objections must be overruled and its motion for summary judgment denied.

## CONCLUSION

Wherefore, after thorough review and careful consideration, the Court **ORDERS** that the *Objection of the United States of America to Report and Recommendation of the United States Magistrate Court Judge that Its Motion for Summary Judgment be Denied* (Document 88) and the

---

3 Mr. Sumpter will not benefit from a more lenient pleading standard based on his pro-se status at trial, and his case may be presented only with legally admissible evidence introduced in accordance with the rules of procedure and evidence. The Court's opinion herein simply finds sufficient evidence in the record supporting the Plaintiff's claims to create genuine issues of material fact and defeat summary judgment. It does not resolve evidentiary disputes, questions of admissibility, or the scope of evidence or testimony that will be permitted at trial based on the disclosures.

*Objection of the Plaintiff to the Proposed Finding and Recommendation of the United States Magistrate Court Judge Granting the United States of America's Motion to Dismiss for Lack of Subject Matter Jurisdiction and/or for Summary Judgment Against Plaintiff's Claims Relating to George Murphy, M.D. and Denial of Plaintiff's Motion to Strike All of Defendant's Submissions to the Court Pertaining to Its Interpretation of the FTCA and the Defining Terms Within Based on Common Law Fraud* (Document 90) be **OVERRULED** and that the Magistrate Judge's *Proposed Findings and Recommendation* (Document 87) be **ADOPTED**. The Court further **ORDERS** that *Defendant United States of America's Motion to Dismiss for Lack of Subject Matter Jurisdiction and/or Motion for Summary Judgment Against Plaintiff's Claims Relating to George Murphy, M.D.* (Document 58) be **GRANTED**, that *Defendant United States of America's Motion for Summary Judgment* (Document 60) be **DENIED**, and that the *Plaintiff's Motion for Summary Judgment* (Document 65) be **DENIED**.

In addition, the Court **ORDERS** that the *Defendant's Motion to Strike Plaintiff's Motion for Summary Judgment (ECF No. 65) for Failure to Comply With the Court's Scheduling Order, the Federal Rules of Civil Procedure, and the Local Rules of This Court* (Document 66), the *Defendant's Motion to Strike Plaintiff's Memorandum of Law in Support of Its Opposition to Defendant's Motion to Dismiss and For Summary Judgment (ECF No. 64) for Violating L.R. Civ. P. 7.1(a)(2)* (Document 68), and the *Plaintiff's Motion to Strike All of Defendant's Submissions to the Court Pertaining to Its Interpretation of the FTCA and the Defining Terms Within Based on Common Law Fraud* (Document 78) be **DENIED**.

Finally, the Court **ORDERS** that the *Defendant's Motion to Strike Plaintiff's Objection (ECF No. 90) to the Findings and Recommendation of the United States Magistrate Judge (ECF*

*No. 87)* (Document 99) be **DENIED**, the *Defendant's Motion to Strike Plaintiff's Motion for Summary Judgment (ECF No. 94) for Failure to Comply with the Court's Scheduling Order, the Federal Rules of Civil Procedure, and the Local Rules of This Court* (Document 101) be **GRANTED**, and that the *Plaintiff's Motion for Summary Judgment Based on Evidence That Unqualifiedly Brings a Conclusion to the Legal Controversy That Defendant Deviated from Its Standard of Care for Multiple Sclerosis and Caused Plaintiff Personal Injury* (Document 94) be **STRICKEN**.

The Court **DIRECTS** the Clerk to send a copy of this Order to Magistrate Judge Aboulhosn, to counsel of record, and to any unrepresented party.

ENTER: September 18, 2019

IRENE C. BERGER
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF WEST VIRGINIA